IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND B. BALDWIN,

     Plaintiff,

v.                                                           CASE NO. 1:12-cv-58-MP-GRJ

ERIC SHINSEKI, SECRETARY OF
VETERAN'S AFFAIRS,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. 14.)  Plaintiff has filed a response. (Doc. 17.)   For the reasons discussed below, Defendant's motion is due to be **GRANTED**.

## I.  Introduction

According to his *pro se* Complaint, Plaintiff is an employee of the Gainesville Veteran's Affairs Medical Center.  He alleges violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 (Counts I-IV) and one count of defamation.  Plaintiff has worked for the VA for more than 10 years.  Plaintiff's claims stems from an off-duty injury in August 2008 and subsequent medical leave and return to work requirements. Plaintiff was a police officer at the time of the injury preceding the instant lawsuit but is now employed as an inventory technician.  (Doc. 1.)  The suit was initially filed in the Middle District of Florida, which granted Defendant's request to transfer the case to this Court.  (Doc. 11.)  Defendant challenges the Court's subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.  Discussion

Title I of the FMLA affords various rights to employees and provides for private

actions against employers for alleged violations of the FMLA.  29 U.S.C. § 2617.

Federal employees are not covered by Title I of the FMLA but instead by Title II, which

affords similar protections but different remedies.  *See* 5 U.S.C. § 6381, *et seq.*  Title I

expressly provides for a private right of action; Title II does not contain such a provision.

The absence of this private right of action indicates that the federal government has not

waived its sovereign immunity with respect to FMLA claims by federal employees.  In an

unpublished opinion, the Eleventh Circuit agreed with the Ninth and Fourth Circuits that:

> [T]he absence of an express authorization [of a private right of action]
> precludes [a federal employee's] FMLA claim for retaliation because the
> United States Supreme Court has held that the sovereign immunity of the
> United States may only be waived through an "unequivocal" expression of
> Congressional intent to do so.

*Cavicchi v. Sec'y of Treasury,* No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct.

2004) (*per curiam*) (citing *Franconia Assocs. v. United States,* 536 U.S. 129, 141

(2002).[1]  As Defendant points out, other district courts in the Eleventh Circuit have

followed *Cavicchi*.  *See Souers v. Geren,* 2010 WL 1169730, *7 (S.D. Ga. Mar. 23,

2010) ("Title II federal employees may not bring private suits for retaliation based on the

FMLA."); *Diggs v. Shinseki*, 1:09-cv-111, 2009 WL 3753999 (S.D. Ga. Nov. 9, 2009)

(same); *Burkhart v. Chertoff,* 2009 WL 3288, *2 (M.D. Fla. Jan. 6, 2009) (same);

*Valencia v. Dep't of Interior,* 2008 WL 4495694 (M.D. Ala. 2008) (same).

In the instant case, Plaintiff does not claim that he is not a federal employee

---

[1] Although unpublished opinions are not binding on this Court, they are
persuasive authority.  11th Cir. R. 36-2.

covered by Title II.  Rather, he points to a handful of district court cases from a variety

of jurisdictions that he asserts support his contention that he can pursue a private

action FMLA claim as a Title II employee.  (Doc. 17.)  However, none of these decisions

are from courts within the Eleventh Circuit, nor do they support his contentions.  *See*

*Bonzani v. Shinseki,* 2011 WL 4479758, *6 (E.D. Ca. Sept. 26, 2011) (interpreting Title

I); *Holland v. Shinseki*, 2012 WL 162333, *11 (N.D. Tex. Jan. 18, 2012) (interpreting

Title I); *Casey v. U.S. Dep't of Treasury,* 2007 WL 4373595, *2 (finding no need to

exhaust FMLA claim prior to filing suit in federal court); and *Boker v. Secretary, Dept' of

Treasury,* 2009 WL 3199074, *10 (S.D. Ohio Sept. 29, 2009) (did not involve FMLA

claim but pointed to denial of FMLA leave as evidence of discrimination and retaliation).

It is undisputed that Plaintiff is a federal employee covered under Title II.

Accordingly, this Court lacks subject matter jurisdiction of Plaintiff's FMLA claims

because the United States has not has not waived its sovereign immunity with respect

to FMLA claims by federal employees.[2]

Likewise, this Court does not have subject matter jurisdiction of Plaintiff's

defamation claim against Defendant.  As discussed above, sovereign immunity protects

the United States from suit absent express waiver.  The Federal Tort Claims Act

(FTCA), provides such a waiver for some torts.  However, defamation claims are

explicitly excluded from the FTCA's waiver of sovereign immunity, as it does not apply

---

[2] The Court notes that the Civil Service Reform Act, 5 U.S.C. § 1101 *et seq.,* outlines the procedure for challenging agency actions, with any ultimate judicial review possible only in the Federal Circuit.

to claims arising out of libel or slander.  28 U.S.C. § 2680(h).[3]   *See also Misick v.*

*United States,* 2007 WL 4557166, *3 (S.D. Fla. Dec. 21, 2007) (dismissing defamation

claim against United States as expressly barred by the FTCA); *Pearson v. Peake,* 2009

WL 5083397, *1 (S.D. Fla. Oct. 19, 2009).

<u>**Recommendation**</u>

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 14, should be

**GRANTED.**

**IN CHAMBERS** in Gainesville, Florida, on May 9, 2012.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
   **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

   [3] The term defamation encompasses both written (libel) and oral (slander) statements that are alleged to damage one's reputation.  *See, e.g., Black's Law Dictionary* 427 (7th ed. 1999) (defining defamation as "[a] false written or oral statement that damages another's reputation.")